UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MAIL BOXES ETC., INC., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-06-0451 |
| § | |
| STEPHEN ROBERT CHRISTO, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's motion for a temporary restraining order. Plaintiff alleges that Defendant is currently engaging in infringement of Defendant's registered trademarks and service marks in violation of the Lanham Act, 15 U.S.C. § 1114(i); unfairly competing with Defendant in violation of the Lanham Act, 15 U.S.C. § 1125(a); and breaching the parties franchise agreement. After considering the parties' filings and oral arguments and the applicable law, the Court finds that the motion, Docket No. 5, should be and hereby is **DENIED**.

**I.    STANDARD OF REVIEW**

While Plaintiff's motion is styled as a motion for a temporary restraining order, Plaintiff is in actuality requesting injunctive relief that will last until the Court can resolve the merits of this suit. Because the requested relief, if granted, will exceed the maximum ten-day period of a temporary restraining order, the motion is in effect a motion for a preliminary injunction. "A preliminary injunction is considered an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Evergreen Presbyterian Ministries Inc. v. Hood*, 235 F.3d 908, 917 (5th Cir. 2000) (internal quotation marks omitted).

## II. THE LANHAM ACT CLAIMS

The Court notes at the outset that Plaintiff's § 1114(i) claim appears to have been resolved; Defendant has agreed to take steps to ensure that Plaintiff's trademarks and service marks are not visible on his business premises. In addition, Plaintiff represented to the Court at the motion hearing that Defendant had returned to Plaintiff its proprietary business materials.[1] Therefore, the only Lanham Act claim that remains is Plaintiff's claim that Defendant is engaging in unfair competition. The Court finds that any harm that Plaintiff suffers from this alleged violation is compensable by money damages and, therefore, that injunctive relief is unwarranted.

## III. THE CONTRACT CLAIM

Plaintiff also asserts a claim arising from the parties' franchise agreement. As Plaintiff concedes, that agreement includes a forum selection clause providing for litigation in California state court. This court is therefore without jurisdiction over Plaintiff's contract cause of action.

## CONCLUSION

Because Plaintiff's only remaining Lanham Act claim is for damages that can be compensated monetarily, its request for injunctive relief is **DENIED**. Because the Court lacks jurisdiction over Plaintiff's contract claim, Plaintiff's request for injunctive relief is **DENIED**. Plaintiff's request for attorney's fees and costs is **DENIED**.

---

[1] To the extent that Defendant's subsequent conduct is inconsistent with its representations to the Court, Plaintiff can seek relief accordingly.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 20th day of February, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**